NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. SARBOUKH, | Civil Action No. 15-6499 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| JO ASTRID GLADING, et al., | |
| Defendants. | |

**LINARES**, District Judge:

Currently before the Court is the amended complaint of Plaintiff, J. Sarboukh, (ECF No. 5). Plaintiff's complaint raises several claims purportedly brought pursuant to 42 U.S.C. § 1983. As Plaintiff was previously granted *in forma pauperis* status (ECF No. 3), this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determine whether it is frivolous, malicious, fails to state a claim for relief, or seeks damages from a defendant who is immune. As the Court finds that Plaintiff's complaint fails to state a claim for which relief can be granted, Plaintiff's complaint will be dismissed without prejudice.

## I. BACKGROUND

Plaintiff is currently civilly committed as a sexually violent predator at the Special Treatment Unit in Avenel, New Jersey. On August 31, 2015, Plaintiff filed a complaint with this Court purportedly for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was hand written and extremely difficult to read, often varying in size, clarity,

punctuation, capitalization, etc. (ECF No. 1 at 5). This Court reviewed that complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B) on September 8, 2015. (ECF No. 2, 3). In this Court's opinion dismissing the complaint, Plaintiff was given the following instructions were he to file an amended complaint:

> Plaintiff's complaint, as demonstrated by the quotations above, was quite difficult to read and contained numerous notes scrawled in the margins and frequent bouts of complete illegibility. As such, should Plaintiff choose to file an amended complaint, he should write or type the complaint legibly, in a consistent size equivalent to 12 point typed font, and should refrain from adding notes in the margins. If Plaintiff requires more space than is available in the form complaint, he should add additional pages rather than overfill the space provided.

(ECF No. 2 at 12, *see also* ECF No. 3 at 2).

On October 5, 2015, Plaintiff filed an amended complaint naming only a single defendant: Jo Glading, Petitioner's "court appointed advocate" from the "Division of Mental Health Advocacy Office." (ECF No. 5 at 5). Plaintiff's amended complaint is again rife with barely legible text of varying size and notes scrawled in the margins rather than placed upon additional sheets of paper. (ECF No. 5 at 6). To the extent that the complaint is legible, it presents the following allegations:

> Please help me before I get killed by her forced meds [illegible] and violent attacks [illegible] including but not limited to: Jo Glading violated ADA rights 9/3/14 [by] aiding and abetting my remedy form ADA complaint [regarding Plaintiff's removal from] medical handicap following [illegible;] civil rights violations 2 sets of rules[,] 1 for blacks[,] 1 for Jews[,] that is [illegible] 7/1/14 anti-Semitic hate crime of violence attempt on my life (as a Jew)[;] aiding and abetting black [illegible] to remove [or] keep[ him] separate [and ensure Plaintiff is] kept safe from convicted killer of his family the animal Curtis Austin [of] A Block[,] but for black on black crimes I know of 2 keep separate and keep safes [Curtis and

2

> Pope] [illegible.] [On] 9/1/14 the law clearly states I'm here for the sole purpose of treatment[,] Jo Glading [has] done nothing to get me my special tailored treatment since like 2010 and [the] law clearly state[s that] she has a legal [and] moral obligation to keep me separate [and] keep me safe when there is a known history of violent attempts on my life being [illegible] and anti-Semitic hate crimes of violen[ce]/ sexual assault whenever the state gave her the fiduciary position of trust and a license to advocate (court appointed to me) including but not limited to the anti-Semitic hate crimes of violence she aids and abets to protect my attackers and their rights never mine! Forlorn forgotten malice negligence[.] Attempts on my life – she laughs [and says] get over it; causing me severe PTSD[,] chest pains[,] anxiety[, and] panic attacks[.] Add to that my daily US Federal 1st class mail [being] stolen by black racist Erica Brown [who] ordered it as in-house punishment[.] Jo Glading did nothing for me again [and] aided and abetted my abuser defendant [illegible] protecting than the black[.] Approx[imately] since 9/1/14 same with federal ADA laws and rights violated[,] same with federal religious rights violated [for] fair balanced hot cooked Jewish meals[,] same with federal right to access the courts non-collect legal calls[,] I can go on [and] on [with] rights violated on her watch she laughs [and helps my] abuser[,] not to mention illegal search [and] seizure [and] stolen property which is [a] U.S. Constitutional Right violated [illegible.]

(ECF No. 5 at 6).

As to the relief sought, Petitioner states that he seeks

> "Release" to family/loved ones [and] to be treated on an outpatient basis[,] also relief [and] redress to stop babying the blacks [illegible] so no other Jew entrusted in her fiduciary position of trust suffers as I have just as Black Al Sharpton states when its done to them (Blacks) (Same for a Jew like me) Just as they don't like it done to them (Blacks)[,] Jews don't like it done by them (Blacks) to Jews[.] Jews suffer pin and suffering too[,] thus [I am] seeking mon[e]tary relief from said defendant in the amount to be determined for: severe emotional distress[,] mental anguish[,] sensory deprivation both physical [and] pain [and] suffering (unable [to] bath[e]) and PTS [illegible.] [Plaintiff also seeks to r]emove [Defendant's] license to [illegible] [and] release me to loved ones [illegible.] . . . To sum up my "relief" [is] in [the] form of "release[,]" stop me from being denied a life of liberty and mon[e]tary damages sought personally

3

> [and in Defendant's] professional[] capacity to be determined[.]

(ECF No. 5 at 7).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to make claims against the defendant for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (the statute provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). As in his prior complaint, Plaintiff seeks to raise claims that he has been denied access to the courts through the lack of non-collect legal calls, that he has been denied his right to the mails, that he has been denied his rights of free exercise of religion by the denial of hot cooked religious meals, that he has been denied his rights to liberty under the Fourteenth Amendment, that he has been subject to unlawful

5

searches and seizures in violation of the Fourth Amendment, and that Defendant has failed to protect him in violation of his Fourteenth Amendment rights. Petitioner also appears to assert a claim for a violation of the Americans with Disabilities Act and a state law claim for professional malpractice or negligence. For the reasons set out in this Court's previous opinion (ECF No. 2), Plaintiff's religious exercise, mail, access to courts, general fourteenth amendment liberty claim, and ADA claim fail to state a claim for relief. (ECF No. 2 at 7-11). Nothing presented in Plaintiff's amended complaint addresses or otherwise corrects the issues raised by this Court in that opinion, and as such these claims continue to fail to state a claim and must be dismissed without prejudice. This Court will, however, address Plaintiff's failure to protect, search and seizure, and state law claims as they were not previously raised.

An underlying problem with Plaintiff's § 1983 claims, including his claim for failure to protect and for illegal search and seizure, is that Plaintiff has failed to show how the sole Defendant named in his amended complaint, Jo Glading, was personally involved in the vaguely asserted violations he asserts. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08, *see also Iqbal*, 556 U.S. at 675-77. Here, although Plaintiff vaguely alleges that persons within the Special Treatment Unit failed to protect him from attacks on his life and that other unnamed officials illegally searched and seized his property, the only named Defendant, Jo Glading, is described as his "court appointed advocate." Plaintiff has provided no facts which would connect Glading to the alleged violations other than his assertions that Glading should be providing him with further

advocacy. Indeed, Plaintiff fails to provide enough information to determine what Glading's exact relationship is with Plaintiff. In any event, because Plaintiff has failed to plead Glading's personal involvement in these alleged violations, his claims against her fail to state a claim for relief and must be dismissed.[2]

A further complication with Plaintiff's claims arises out of the proposed relief sought in so much as Plaintiff seeks his release from the Special Treatment Unit. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). A plaintiff seeking such relief must instead file an action sounding in habeas corpus. *Id.* The Court has therefore stated that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. As such, to the extent that Plaintiff seeks his "release" into the custody of his family, his action challenging his involuntary commitment is barred under § 1983 and would only be actionable as a habeas action. Plaintiff's fourteenth amendment claims challenging his confinement therefore must be dismissed on that basis as well.

The final claim Plaintiff appears to assert is a common law claim for professional negligence or malpractice. As all of Plaintiff's claims over which it has original jurisdiction have been dismissed, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law

---

[2] This Court also notes that Plaintiff's pleading as to his failure to protect and search and seizure claims provide no more than conclusory allegations without any factual support, and would also warrant dismissal on that basis. *See Iqbal*, 556 U.S. at 678.

claims. *See* 28 U.S.C. § 1367(c)(3). As this Court has either dismissed or declined to extend supplemental jurisdiction over all of the claims presented in Plaintiff's complaint, Plaintiff's amended complaint shall be dismissed in its entirety.

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted. Plaintiff may file a second amended complaint to cure the deficiencies identified herein within thirty (30) days of the date of this Court's corresponding order. If Plaintiff fails to file an amended complaint within this period, his complaint will be dismissed with prejudice. Additionally, as Plaintiff is being afforded another opportunity to amend his complaint despite his failure to comply with this Court's prior instructions, failure to sufficiently state a claim in a second amended complaint will result in the complaint being dismissed with prejudice. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge