**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

J. SARBOUKH,                     :
                                 :
              Plaintiff,         :      Civil Action No. 15-6499 (JLL)
                                 :
       v.                        :      **OPINION**
                                 :
JO ASTRID GLADING, et al.,       :
                                 :
              Defendants.        :
                                 :

**LINARES**, District Judge:

Currently before the Court is the second amended complaint of Plaintiff, J. Sarboukh (ECF No. 8). Plaintiff's complaint attempts to raise several claims purportedly brought pursuant to 42 U.S.C. § 1983. As Plaintiff was previously granted *in forma pauperis* status (ECF No. 3), this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determine whether it is frivolous, malicious, fails to state a claim for relief, or seeks damages from a defendant who is immune. As the Court finds that Plaintiff's second amended complaint fails to state a claim for which relief can be granted, Plaintiff's complaint will be dismissed with prejudice.

## I. BACKGROUND

Plaintiff is currently civilly committed as a sexually violent predator (SVP) at the Special Treatment Unit in Avenel, New Jersey. On August 31, 2015, Plaintiff filed a complaint with this Court purportedly for violations of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint was hand written and extremely difficult to read, often varying in size, clarity,

punctuation, capitalization, etc. (ECF No. 1 at 5). This Court reviewed that complaint and

dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B) on September 8, 2015. (ECF No. 2, 3). In

this Court's opinion dismissing the complaint, Plaintiff was given the following instructions were

he to file an amended complaint:

> Plaintiff's complaint, as demonstrated by the quotations above, was
> quite difficult to read and contained numerous notes scrawled in the
> margins and frequent bouts of complete illegibility. As such,
> should Plaintiff choose to file an amended complaint, he should
> write or type the complaint legibly, in a consistent size equivalent to
> 12 point typed font, and should refrain from adding notes in the
> margins. If Plaintiff requires more space than is available in the
> form complaint, he should add additional pages rather than overfill
> the space provided.

(ECF No. 2 at 12, *see also* ECF No. 3 at 2).

On October 5, 2015, Plaintiff filed an amended complaint naming only a single defendant:

Jo Glading, Petitioner's "court appointed advocate" from the "Division of Mental Health

Advocacy Office." (ECF No. 5 at 5). Plaintiff's amended complaint was again rife with barely

legible text of varying size and notes scrawled in the margins rather than placed upon additional

sheets of paper. (ECF No. 5 at 6). On November 3, 2015, this Court entered an order and opinion

screening the amended complaint and dismissed it without prejudice for failure to state a claim.

(ECF No. 6, 7). In the order dismissing that complaint, this Court provided thirty days for Plaintiff

to file a second amended complaint. (ECF No. 7 at 1). This Court, however, provided Plaintiff

with the following warning:

> . . . Plaintiff may file a second amended complaint to cure
> the deficiencies identified in this Courts accompanying Opinion
> [(ECF No. 6)] within thirty (30) days of the date of this Order. If
> Plaintiff fails to file an amended complaint within this period his
> complaint will be dismissed with prejudice. Additionally, as

> Plaintiff is being afforded another opportunity to amend his complaint despite his failure to comply with this Court's prior instructions and continued failure to state a claim, failure to sufficiently state a claim in a second amended complaint and/or follow this Court's instructions will result in the complaint being dismissed with prejudice[.]

(ECF No. 7 at 1).

On or about November 23, 2015, Plaintiff submitted his second amended complaint. (ECF No. 8). Although Plaintiff continues to add notes in the margin of his complaint, which technically runs afoul of this Court's prior orders, it is clear that Plaintiff has at least made a greater effort to ensure that his second amended complaint is somewhat more legible than he did in his previous complaints.  (ECF No. 8 at 5-8).   In his second amended complaint, Petitioner again names only one Defendant, Jo Astrid Glading, again identified as a public advocate with the Division of Mental Health's Advocacy Office.   (*Id.* at 4).

In his second amended complaint, Plaintiff alleges that Glading committed professional malpractice, presumably under state law, has "acted in a manner injurious" to him, has engaged in anti-Semitic hate crimes and discrimination, has aided and abetted official misconduct, and has abused her power and fiduciary position to deprive Plaintiff of his civil rights by failing to advocate for his rights.  (*Id.*).   Plaintiff's complaint, however, does not clearly identify how Defendant engaged in these activities.   Instead, Plaintiff's complaint again alleges that Defendant "aided [and] abetted" other unknown persons in denying Plaintiff access to his mail which was allegedly stolen by staff members; and "aided [and] abetted" staff members in engaging in an unclear fraudulent conspiracy to deny Plaintiff his rights by removing him from an ADA unit and denying him the ability to shower daily, denying him "hot cook[ed] Jewish meals," denying him his right

3

to non-collect legal calls, and denying him the right to be kept separate and safe from others. (*Id.* at 5-6). Rather than explain the circumstances supporting these vague allegations of wrongdoing, Plaintiff then proceeds to engage in a lengthy diatribe in which he claims that white, and specifically Jewish, SVPs are treated more harshly than black SVPs, who he alleges are released at a much higher rate and are provided better treatment.[1] (*Id.* at 6). Plaintiff also alleges that he has been subject to an unspecified illegal search and seizure of "expensive stolen property." (*Id.*). Plaintiff provides only one allegation to connect Glading to the alleged violations of his rights. Specifically, Petitioner asserts that he "asked her to help, advocate, make it stop – to no avail," as Glading "laughed off" his allegations. (*Id.* at 6-7).


## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

---

[1] Petitioner also engages in an argument in which he insists this is wrong as he believes black SVPs do not merit such treatment because blacks, rather than Jews, engage in more violent activity after being released. (*Id.*).

4

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B.   Analysis

Plaintiff seeks to make claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."  *Nicini v.*

---

[2]     "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (the statute provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). As in his two previous complaints in this matter, Plaintiff appears to wish to make a variety of claims against Defendant Glading, including claims for denial of access to the courts, interference with his right to the mails, an ADA claim, and a religious exercise claim regarding his provision with hot cooked Jewish meals, alongside various vaguely defined state law claims for malpractice or fraud.

In the previous screening opinions, this Court has explained to Plaintiff at length why his access to the courts claim, ADA claim, access to the mail claim, and religious exercise claim fail to state a claim for relief. (ECF No. 2 at 6-11). This Court has also previously explained to Plaintiff that he is required, under § 1983, to plead personal involvement by the sole named Defendant. (ECF No. 6 at 6-7). As in his previous complaints, Plaintiff presents little more than the sort of vague, the defendant-harmed-me allegations which the Court found failed to meet federal pleading requirements in *Iqbal*. 556 U.S. at 678. Plaintiff has failed to provide sufficient factual matter to show that Defendant was personally involved in the alleged violations he claims, instead stating only that she "aided [and] abetted" unnamed others in violating his rights and did not alleviate the issues when he raised them, instead "laughing [them] off." It is not clear from any information in the complaint that it is actually Defendant's job to perform the

6

tasks Plaintiff believes that she should, and in any event, Plaintiff has provided no more than vague and conclusory allegations as to what actions Defendant did take.   As such, he has again failed to state a claim for relief.   *See Id.* at 675-78; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("a defendant in a civil rights action must have personal involvement in the alleged wrongs").   Plaintiff's complaint must therefore be dismissed for failure to state a claim for which relief may be granted.

Plaintiff has been provided with two opportunities to address the many deficiencies identified by this Court in his previous complaints.   Indeed, this Court previously informed Plaintiff that if his second amended complaint either failed to comply with this Court's prior orders or failed to state a claim for relief, his complaint would be dismissed with prejudice.   The complaint Plaintiff has submitted as his second amended complaint fails to state a claim for relief for many of the same reasons identified in this Court's two prior opinions, and certainly for the reason stated in this Court's opinion dismissing his first amended complaint:   Plaintiff fails to identify what, if any, personal involvement Defendant had in the alleged violations of his rights. Plaintiff likewise provides no more than vague and conclusory allegations as to those claims he does seek to make, which are patently insufficient to state a claim for relief.   *Iqbal*, 556 U.S. at 678.   As Plaintiff has failed to state a claim for relief in spite of being provided two opportunities to correct the deficiencies previously identified by this Court, this Court will dismiss Plaintiff's complaint with prejudice.

7

**III. CONCLUSION**

For the reasons stated above, Plaintiff's complaint shall be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.   An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

8